United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ASHARFUN NISHA HAFIZ,

    Plaintiff,

v.

AURORA LOAN SERVICES, et al.,

    Defendants.

No. C 09-1963 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE AND GRANTING LEAVE TO AMEND**

On July 10, 2009, the Court heard oral argument on defendant Aurora Loan Services LLC's motions to dismiss and to strike portions of plaintiff's complaint. Having considered the arguments of the counsel and the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to dismiss and motion to strike, and GRANTS plaintiff leave to amend the complaint.

**BACKGROUND**

In October 2005, plaintiff obtained a loan from MortgageIt, Inc. ("MortgageIt") in order to refinance the property located at 3791 Cowell Road in Concord, California. Compl. ¶¶ 12, 18. Plaintiff fell behind in her mortgage payments, and has been served with a notice of default. *Id*. ¶ 22. On April 27, 2009, plaintiff filed this complaint in the Superior Court of Contra Costa County against MortgageIt, Aurora Loan Services, LLC, and Quality Loan Service Corporation. Aurora removed the action to this Court based on federal question jurisdiction. MortgageIt originated plaintiff's loan, and Aurora serviced the loan. Quality was substituted in as a Trustee on the loan.

The complaint alleges that defendants have engaged in numerous predatory lending practices, including but not limited to: "(a) failing to provide proper disclosures as required by state law, (b)

failing to disclose the true terms of the loan, (c) charging excessive closing fees to Plaintiff that have no reasonable value as to the services actually performed by Defendants, (d) failing to use reasonable underwriting standards, and (e) concealing the fact that the Promissory Note and Deed of Trust were transferred to the trust pool pursuant to the [Pooling Servicing Agreement] and that MortgageIt, Aurora, and Quality are not the holders in due course of the note which evidences the debt." *Id.* ¶ 14.

Most of the factual allegations in the complaint pertain to MortgageIt. On June 16, 2009, plaintiff voluntarily dismissed MortgageIt. Aurora has moved to dismiss the complaint for failure to state a claim, and has moved to strike plaintiff's request for punitive damages.[1] Plaintiff's complaint alleges 16 causes of action: (1) declaratory relief, (2) accounting, (3) civil conspiracy, (4) Real Estate and Settlement Procedures Act ("RESPA"), (5) Equal Credit Opportunity Act, (6) Fair Housing Act, (7) breach of implied covenant of good faith and fair dealing, (8) Cal. Civ. Code §§ 1920, 1921, (9) Cal. Civ. Code §1916.7, (10) rescission/cancellation, (11) fraud, (12) unfair business practices, (13) breach of fiduciary duty, (14) unjust enrichment, (15) injunctive relief, and (16) quiet title. In response to Aurora's motions, plaintiff has abandoned her claims against Aurora for declaratory relief "insofar as those paragraphs deal with issues surrounding possession of the promissory note, placement of the note in a trust pool, and fraud on the court"; causes of action 5-9; portions of the twelfth cause of action alleging violations of California Business and Professions Code § 17500; cause of action 13 for breach of fiduciary duty; and the request for punitive damages. This order addresses the parties' contentions regarding plaintiff's remaining claims against Aurora.[2]

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

---

[1] Quality Loan Service Corporation has filed a joinder in Aurora's removal, but has not responded to the complaint. It is unclear whether Quality has been served with the complaint.

[2] Based on counsel's statements at the hearing, it is unclear whether plaintiff intends to pursue her claims against Quality Loan Service Corporation. If plaintiff does pursue those claims, plaintiff should amend her claims against Quality in accordance with this order.

2

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Accounting**

Plaintiff alleges a claim for accounting in order to establish what amount of money, if any, she owes the defendant. "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that *some balance is due the plaintiff* that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (emphasis added). Plaintiff does not cite any authority for the proposition that she can maintain a claim for an accounting to determine how much money she owes defendant. Accordingly, the Court GRANTS defendant's motion to dismiss the claim for an accounting.[3]

---

[3] The parties agree that plaintiff may request this information pursuant to RESPA.

3

## II. Real Estate Settlement Procedures Act ("RESPA")

Plaintiff claims defendant violated RESPA in two ways. First, plaintiff alleges a claim regarding yield spread premiums under 12 U.S.C. § 2607. Claims under Section 2607 are governed by a one year statute of limitations. 12 U.S.C. § 2614. Here, the allegedly illegal fees were imposed when plaintiff signed the loan documents in October 2005, and thus plaintiff's challenge to the yield spread fees is untimely. The Court GRANTS defendant's motion to dismiss this claim, and GRANTS plaintiff leave to amend if plaintiff can truthfully allege circumstances under which this claim would be equitably tolled. If plaintiff chooses to amend this claim, plaintiff must also allege that a broker was involved in the transaction. *See Bjustram v. Trust One Mortgage Corp.*, 322 F.2d 1201, 1204 n.2 (9th Cir. 2003) ("A yield spread premium (YSP) is a payment made by a lender to a mortgage broker in exchange for that broker's delivering a mortgage ready for closing that is at an interest rate above the par value loan being offered by the lender.").

Second, plaintiff seeks to allege a claim under Section 2605 of RESPA. Claims under this section are governed by a three year statute of limitations, and thus may be timely if properly alleged. 12 U.S.C. § 2614. If the plaintiff wishes to do so, she can amend her complaint to allege a claim under Section 2605; she must specify which subsection has been violated, and must plead specific facts showing why Aurora has violated that subsection, including dates of alleged violations.

## III. Fraud and rescission/cancellation[4]

Plaintiff alleges a claim for fraud and a claim fo1r "rescission/cancellation" that is grounded in fraud.[5] California law recognizes "the elements of an action for fraud and deceit based on concealment as: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have

---

[4] Defendant contends that to the extent plaintiff's fraud and unfair competition claims are based on disclosures during the origination of the loan, those claims are preempted by the Home Owner's Loan Act, 12 U.S.C. §§ 1461 *et seq.* Plaintiff contends that her claims fall within the exceptions to preemption, as stated in 12 C.F.R. § 560.2(c). The Court finds it premature to resolve the preemption question because the precise scope of plaintiff's claims is unclear. Defendant may renew the preemption argument after plaintiff amends the complaint.

[5] For example, the complaint alleges that plaintiff is entitled to rescind the loan contract because her consent was obtained through "mistake and fraud" Compl. ¶ 88, and that defendants made "fraudulent misrepresentations" and "engaged in concealment and deceit." *Id.* ¶ 91.

4

been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 613 (1992). Furthermore, Fed. R. Civ. P. 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In other words, claims "of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. Glenfed, Inc.* (*In re Glenfed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir. 1994).

The Court GRANTS defendant's motion to dismiss these claims for failure to plead the elements of fraud with particularity and GRANTS plaintiff leave to amend these claims. The amended complaint shall identify the specific alleged misrepresentations and acts of concealment and deceit, and shall plead the "who, what, where, and how" of the alleged fraud. In addition, if plaintiff wishes to pursue rescission/cancellation, she must allege that she will and can repay the loan proceeds to defendant. *See* Cal. Civ.Code § 1691(b) ("[T]o effect a rescission a party to the contract must ... [r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise . . . .").

**IV.    Unfair business practices**

Plaintiff alleges that defendants have "committed unfair business practices defined by California Business and Professions Code section 17200, *et seq.*, including but not limited to . . . using bait and switch tactics; making loans without providing borrowers with sufficient, accurate and understandable information regarding the terms and conditions of the loan; making loans without providing borrowers with sufficient, accurate and understandable information regarding the nature and extent of the financial risk being assumed by the borrowers; and making loans without regard to the financial ability of the

5

1 borrower to pay." Compl. ¶ 116. Defendant correctly notes that the unfair business practices claim does not contain any specific allegations against Aurora, which is the loan servicer and not originator. In addition, to the extent that this claim is based on alleged fraudulent conduct, the claim fails to meet Rule 9(b) pleading standards.

The Court GRANTS defendant's motion to dismiss this claim and GRANTS plaintiff leave to amend to specifically allege how Aurora's actions constitute an unfair business practice.

## V.   Conspiracy

Plaintiff's claim for civil conspiracy alleges that Aurora, MortgageIt, and Quality have conspired to commit fraud against plaintiff in the form of placing her in a mortgage she could not pay. Defendant contends that since plaintiff has not properly alleged fraud, the conspiracy claim must fail. The Court agrees. *See Applied Equipment Corp. v. Litton Saudi Arabia*, 7 Cal.4th 503, 510-11 (1994) ("Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy.") (internal citation omitted); *see also Doctors' Co. v. Superior Court*, 49 Cal. 3d 39, 44 (1989) (discussing elements of civil conspiracy claim).

Here, plaintiff has not adequately alleged a claim for fraud, and thus the civil conspiracy claim fails as well. The Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend.

## VI.   Unjust enrichment

Defendant moves to dismiss plaintiff's claim for unjust enrichment on the ground that no such cause of action is recognized in California. Defendant is correct that there is no cause of action in California for unjust enrichment. *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008); *see also Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 792 (2003) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make

6

restitution under circumstances where it is equitable to do so."). A plaintiff cannot survive a motion to dismiss an "unjust enrichment" cause of action if the complaint also alleges tort claims and claims based on the existence of a valid, express contract between the parties. *Paracor Finance, Inc. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).

Here, plaintiff has plead fraud claims and thus has not waived her tort claims. Accordingly, the Court GRANTS defendant's motion to dismiss the unjust enrichment claim without leave to amend.

## VII. Injunctive and declaratory relief

Plaintiff requests injunctive and declaratory relief in order to prevent the foreclosure and subsequent sale of the subject property. Plaintiff's opposition asserts positions at odds with allegations in the complaint, *compare* Compl. ¶¶ 41-47 *with* Opposition at 6, and thus the scope of plaintiff's requests for injunctive and declaratory relief is unclear. Accordingly, the Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend to clarify these requests.

## VIII. Quiet title

Defendant moves to dismiss plaintiff's quiet title claim on several grounds. Plaintiff's opposition does not squarely address the quiet title claim, and thus it is unclear whether plaintiff wishes to pursue this claim. Accordingly, the Court GRANTS defendant's motion and GRANTS plaintiff leave to amend. If plaintiff amends this claim, plaintiff shall allege each of the elements of the claim as set forth in Cal. Code Civ. Proc. § 761.020.

///

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendant's motions to dismiss and motion to strike, and GRANTS plaintiff leave to amend. (Docket Nos. 8 & 9). Plaintiff shall file an amended complaint no later than 20 days from the filing date of this order.

**IT IS SO ORDERED.**

Dated: July 14, 2009

SUSAN ILLSTON
United States District Judge